**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REAGAN GOLD GROUP, LLC<br><br>Defendant. | Case No. 2:24-cv-2003<br><br>**COMPLAINT - CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Mark Hoffman, individually and on behalf of others similarly situated, alleges the following against Reagan Gold Group, LLC ("Reagan Gold" or "Defendant").

**I. NATURE OF ACTION**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

COMPLAINT - CLASS ACTION – 1

1  telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights,
2  public safety interests, and commercial freedoms' *id.* § 2(9).

3        2.    "The law opted for a consumer-driven process that would allow objecting
4  individuals to prevent unwanted calls to their homes. The result of the telemarketing
5  regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the
6  federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-
7  Call registry stands out as a model of clarity. It means what it says. If a person wishes to no
8  longer receive telephone solicitations, he can add his number to the list. The TCPA then
9  restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. §
10 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a
11 telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's
12 telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private
13 suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a
14 straightforward provision designed to achieve a straightforward result. Congress enacted the
15 law to protect against invasions of privacy that were harming people. The law empowers each
16 person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put
17 simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered
18 an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643,
19 649-50 (4th Cir. 2019).

20       3.    Reagan Gold solicits individuals for to acquire gold and silver coins or physical
21 gold and silver through their company.

22       4.    Reagan Gold made calls to residential telephone numbers, like Plaintiff's, that
23 were listed on the National Do Not Call Registry.

24       5.    Plaintiff now files this lawsuit seeking injunctive relief, requiring Reagan Gold
25 to cease placing unsolicited calls to residential numbers on the National Do Not Call Registry,
26 as well as an award of statutory damages and costs to Class members.

27

COMPLAINT - CLASS ACTION – 1

## II. JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7. This Court has personal jurisdiction over Reagan Gold because it regularly conducts business in this District, including making telemarketing calls into this District and soliciting business from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district, namely the telemarketing calls to the Plaintiff.

## III. PARTIES

9. Plaintiff is a citizen of Washington, residing in this Division.

10. Defendant Reagan Gold Group, LLC is a limited liability company.

## IV. TCPA BACKGROUND

**A. The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

11. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of

COMPLAINT - CLASS ACTION – 1

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V.  FACTUAL ALLEGATIONS

**B.     Factual Allegations Regarding Plaintiff**

15.  The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16.  At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendant prior to receiving the messages at issue.

17.  Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

18.  Plaintiff's telephone number, 206-XXX-XXXX is a residential, non-commercial telephone number.

19.  The 206 Area Code is associated with the State of Washington.

20.  The Plaintiff is a Washington resident.

21.  It is a violation of the Washington CEMA to "initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service..." RCW 19.190.060. 62.

22.  "'Commercial electronic text message' means an electronic text message sent to promote real property, goods, or services for sale or lease." *Id.*

23.  A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, et seq. RCW 19.190.100; *Wright v. Lyft, Inc.*, 406 P.3d 1149, 1154-55 (Wash. 2017).

24.  Mr. Hoffman uses the number for personal, residential, and household reasons.

25.  Mr. Hoffman does not use the number for business reasons or business use.

COMPLAINT - CLASS ACTION – 1

26. The number is a residential telephone lines because it is assigned to a residential telephone exchange service for consumers and are not assigned to a telephone exchange service for businesses. Plaintiff uses the number for personal matters and does not associate it with a business.

27. Plaintiff's telephone number has been listed on the National Do Not Call Registry for more than 5 years prior to receipt of the calls at issue.

28. Plaintiff has never been a customer of Reagan Gold.

29. Despite this, the Plaintiff received at least 35 calls and text messages from Reagan Gold between June 20, 2023 and November 20, 2024.

30. Some of these text messages are below:

> how can you hedge your wealth? Gold Gained when banks buckled in 2008 & 2023 What happens if banks buckle again? Reply YES now to get a FREE 2024 Gold Guide

> Central Banks purchased over 800 Tons of Gold this year alone. Largest Ever! What do they know that you should? Reply YES now to get a FREE 2024 Gold Guide!

31. The text messages were all sent to promote the Defendant's services of setting up a Gold IRA, which were being offered to the Plaintiff for sale.

32. Indeed, Regan describes the process on their website, "At Reagan Gold Group, investing in gold is simple. Gold is purchased through our Commodity Specialists in physical form such as coins, bullion, and bars." *See* https://reagangoldgroup.com/gold-products-catalog/ (Last edited November 30, 2024).

33. They were therefore "commercial electronic text messages" under Washington law and telemarketing calls under the TCPA.

34. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing text messages and calls, which violated the TCPA, and the Washington CEMA and CPA.

COMPLAINT - CLASS ACTION – 1

35.     Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone message space, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## VI. CLASS ACTION ALLEGATIONS

36.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

37.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant encouraging the purchase of Steady Capital's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Washington CEMA Class:** All persons in the State of Washington whose (1) cellular telephone or pager numbers, (2) received a text message from or on behalf of Defendant encouraging the purchase of Steady Capital's goods or services, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

38.     **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

39.     **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's

COMPLAINT - CLASS ACTION – 1

telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

40.   **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

41.   **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

   a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

   b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

   c. Whether Defendant sent text messages without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

   d. The number of text messages Defendant sent to Washington residents' cell phones or pagers;

   e. Whether Defendant should be held liable for violations committed on its behalf, if any; and

COMPLAINT - CLASS ACTION – 1

    f.    Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

42.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

43.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

    a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

    b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    c.    Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

COMPLAINT - CLASS ACTION – 1

44. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### COUNT I

**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

45. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

46. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

47. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls and/or text messages to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

48. These violations were willful or knowing.

49. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

50. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

COMPLAINT - CLASS ACTION – 1

Case 3:24-cv-06003-TMC     Document 1     Filed 12/05/24     Page 10 of 11

## Count 2

**Violations of the WA CEMA and CPA, RCW 19.190.060 and RCW 19.86
(On Behalf of Plaintiff and the Washington CEMA Class)**

51. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52. It is a violation of the Washington CEMA to "initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service..." RCW 19.190.060.

53. A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.* RCW 19.190.100; *Wright v. Lyft, Inc.,* 406 P.3d 1149, 1154-55 (Wash. 2017).

54. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the WA CEMA by initiating or assisting in the transmission of multiple electronic commercial text message to telephone numbers assigned to Plaintiff and other Washington residents for cellular telephone or pager service.

55. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of CEMA's restrictions, Plaintiff and members of the Washington CEMA Class are each entitled to an injunction and $500 in damages for each such violation. RCW 19.190.040.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully request that the Court enter judgment against Defendant for:

  A. Certification of the National DNC Class as alleged herein;

  B. Certification of the TCPA Identification Class as alleged herein;

COMPLAINT - CLASS ACTION – 1

C. Certification of the Washington CEMA Class as alleged herein;

D. Appointment of Plaintiff as representative of the Classes;

E. Appointment of the undersigned as counsel for the Classes;

F. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5) and Washington State Law;

G. Injunctive relief for Plaintiff and members of the Classes, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry;

H. Attorneys' fees and costs, as permitted by law; and

I. Such other or further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 5th day of December, 2024.

By:   */s/ Samuel J. Strauss,* WSBA #46971
Samuel J. Strauss, WSBA #46971
Email:  sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile:  (608) 509-4423

*Attorneys for Plaintiff*

COMPLAINT - CLASS ACTION – 1