UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK HOFFMAN,<br><br>    Plaintiff,<br><br> v.<br><br>REAGAN GOLD GROUP LLC,<br><br>    Defendant. | Case No. 3:24-cv-06003-TMC<br><br>ORDER TO SHOW CAUSE |

## I. ORDER

This matter comes before the Court on its own motion. On December 5, 2024, pro se Plaintiff Mark Hoffman filed this action against Defendant Reagan Gold Group LLC. Dkt. 1. The Court then ordered the following initial scheduling dates: (1) Federal Rule of Civil Procedure 26(f) Conference by February 24, 2025; (2) Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1) by March 3, 2025; and (3) Combined Joint Status Report and Discovery Plan by March 10, 2025. Dkt. 3. As of this order, the parties have not filed a Joint Status Report and Discovery Plan. On January 30, 2025, Mr. Hoffman moved for default, Dkt. 5, and the Clerk entered an order of default the next day, Dkt. 6. However, since January 30, Mr. Hoffman has not filed any formal motion or demonstrated his intent to proceed with this case. On February 28,

ORDER TO SHOW CAUSE - 1

2025, an attorney appeared for Defendant Reagan Gold Group LLC, but the docket does not reflect any attempt to comply with the Court's initial case scheduling deadlines.

Plaintiffs have a general duty to prosecute their claims. *See Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.,* 587 F.2d 27, 29 (9th Cir. 1978). To "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," federal courts may exercise their inherent power to dismiss a case of their own accord for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (finding that courts may dismiss cases sua sponte pursuant to Rule 41(b) for failure to prosecute).

The Court therefore ORDERS Mr. Hoffman to show cause as to why this case should not be dismissed without prejudice for failure to prosecute no later than April 7, 2025; for the avoidance of doubt, the Court will dismiss this case without prejudice if Mr. Hoffman fails to respond by this deadline.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of March, 2025.

Tiffany M. Cartwright
United States District Judge