HONORABLE JUDGE TIFFANY M. CARTWRIGHT

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

REAGAN GOLD GROUP, LLC

Defendant.

Case No. 3:24-cv-6003-TMC

**PLAINTIFF'S BRIEF SHOWING CAUSE & MOTION TO COMMENCE DISCOVERY PRIOR TO RULE 26(F) CONFERENCE**

Under the Court's order to show cause (Doc. 8) and Fed. R. Civ. P. 26(d)(1), Plaintiff moves this Court for leave to seek discovery from Defendant Reagan Gold Group, LLC, before the parties have conferred as required by Rule 26(f). In support of this motion, Plaintiff states as follows:

1.  Plaintiff seeks discovery following Defendant's default, as Plaintiff has encouraged Defendant and its counsel to respond to this action, but both have refused, requiring Plaintiff to move for class discovery without a Rule 26(f) conference. Recently, this Court

PLAINTIFF'S BRIEF SHOWING CAUSE &
MOTION TO COMMENCE DISCOVERY PRIOR
RULE 26(F) CONFERENCE
Case No. 3:24-cv-6003-TMC

– 1 –

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

entered the same order in *Riffle v. Excellent Auto Glass*, Case No. 3:24-cv-05975-TMC (Doc. 12). Plaintiff here seeks the same relief for the same reasons.

2.  Plaintiff filed his Class Action Complaint on December 5, 2024, alleging Defendant willfully violated the (1) Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the implementing regulations, 47 C.F.R. § 64.1200 *et seq.*, and (2) the Washington's Consumer Electronic Mail Act ("CEMA") and Consumer Protection Act, RCW 19.190.060 and RCW 19.86, by initiating advertising and telemarketing solicitations to Plaintiff and the putative Class, although their residential telephone numbers were on the National Do Not Call Registry. ECF No. 1, ¶¶ 15-35.

3.  The TCPA provides for statutory damages in the amount of $500 for each violation of the TCPA and implementing regulations, and up to $1,500 for each willful violation. 47 U.S.C. § 227(b)(3). CEMA also provides for statutory damages in the amount of $500 for each violation. RCW 19.190.040. Plaintiff seeks statutory damages for himself and on behalf of the Class. ECF No. 1, ¶¶ 49, 55.

4.  Defendant was served on December 10, 2024, making its responsive pleading due on December 31, 2024. ECF No. 4. Defendant did not file a responsive pleading by the deadline or otherwise. Accordingly, Plaintiff filed a Motion for Default Against Defendant on January 30, 2025, which was entered on January 31, 2025. ECF. Nos. 5-6.

5.  Counsel for Plaintiff has been in contact with Defendant and its counsel since default. On February 19, 2025, counsel for Defendant responded and requested a copy of the default order entered against Defendant. Plaintiff sent the order the next day. After receiving the order, counsel has suggested they would appear and respond after investigating the matter.

PLAINTIFF'S BRIEF SHOWING CAUSE &
MOTION TO COMMENCE DISCOVERY PRIOR
RULE 26(F) CONFERENCE
Case No. 3:24-cv-6003-TMC

– 1 –

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

6. On February 28, 2025, Defendant's counsel filed a notice of appearance. But it has now been approximately over a month since Defendant appeared, and it has not sought to vacate the default, nor proffered any excused, reasonable or otherwise, for its delay. ECF. No. 7.

7. Once a defendant is in default, a court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2). However, a motion for default judgment requires Plaintiff to provide an accurate estimation of the damages at issue. Fed. R. Civ. P. 55(b)(2)(B).

8. To provide an accurate estimation of his individual damages and those of the putative Class, it is necessary for Plaintiff to obtain discovery regarding (1) the class in order to seek class certification; (2) the number of telephone solicitations to each class member in order to obtain a default judgment for the class; and (3) the number of telephone solicitations to Plaintiff in order to obtain a default judgment for Plaintiff. *See, e.g., Scofield v. Nat'l Tax Advisory Servs. LLC*, 2022 U.S. Dist. LEXIS 240467, *5 (C.D. Dec. 19, 2022) (in a class action alleging violations of the TCPA, granting Plaintiff leave "to conduct discovery to learn the identities and contact information of persons whom Defendant purportedly called and the dates and quantities of those calls" prior to filing a motion for default judgment.)

9. Because Defendant has not answered the Complaint or moved to set aside the default, Rule 26(d)(1) prevents Plaintiff from seeking the discovery needed to obtain a class certification and a default judgment, absent Court order. Under Rule 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1).

10. Trial courts have broad discretion in granting or denying discovery, including in circumstances like these. *Santos ex rel. Santos v. City of Culver City*, 228 Fed. App'x 655, 657

PLAINTIFF'S BRIEF SHOWING CAUSE &
MOTION TO COMMENCE DISCOVERY PRIOR
RULE 26(F) CONFERENCE
Case No. 3:24-cv-6003-TMC

– 1

Strauss Borrelli PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

(9th Cir. 2007) ("broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.") (citations omitted).

11. While the entry of default "conclusively establishes" liability, *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990), a default, by itself, does not establish the amount of damages. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Entry of a default judgment requires evidence establishing the amount due. *See* Fed. R. Civ. P. 55(b); *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (citation omitted) ("Federal law…requires a judicial determination of damages absent a factual basis in the record. To that end, Rule 55(b)(2)…provides that…a district court may conduct an evidentiary hearing 'to determine the amount of damages or to establish the truth of any averment by evidence.'").

12. Thus, discovery should be allowed given the entry of default because it is necessary to determine the amount of Plaintiff's and the Class's damages. Numerous courts in this Circuit and elsewhere have authorized discovery on the issue of damages after the entry of default. *See, e.g., Nutrition Distrib. LLC v. IronX LLC*, 2017 U.S. Dist. LEXIS 164077, at *3 (S.D. Cal. Oct. 3, 2017) (collecting cases); *Oakley, Inc. v. Moda Collection, LLC*, 2016 U.S. Dist. LEXIS 191048, at *19 (C.D. Cal. June 9, 2016); *Alstom Power, Inc. v. Graham*, 2016 U.S. Dist. LEXIS 10112, at *6 (E.D. Va. Jan. 27, 2016); *Adobe Sys. Inc. v. Bunhey*, 2013 U.S. Dist. LEXIS 198095, at *3 (C.D. Cal. Oct. 29, 2013); *Twitch Interactive, Inc. v. Johnston*, 2017 U.S. Dist. LEXIS 44863, at *5 (N.D. Cal. Mar. 27, 2017); *Texas Guaranteed Student Loan Corp. v.*

PLAINTIFF'S BRIEF SHOWING CAUSE &
MOTION TO COMMENCE DISCOVERY PRIOR
RULE 26(F) CONFERENCE
Case No. 3:24-cv-6003-TMC

– 1 –

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

*Dhindsa*, 2010 U.S. Dist. LEXIS 65753, at *7 (E.D. Cal. June 9, 2010); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788, 790-91 (E.D. Mich. 2004).

13. Additionally, the Court cannot grant the Motion for Default Judgment until class members have been notified and given an opportunity to opt out of the class. In rendering any judgment in a class action, a court must "include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members." Fed. R. Civ. P. 23(c)(3)(B).

14. Therefore, in the class action context, it is well established that, following default, a plaintiff should be allowed to take class discovery and seek class certification to obtain a default judgment on behalf of the entire class. *See, e.g., Scofield v. Nat'l Tax Advisory Servs. LLC*, 2022 U.S. Dist. LEXIS 240467, *5 (C.D. Dec. 19, 2022) (in a class action alleging violations of the TCPA, granting Plaintiff leave to conduct class discovery prior to filing a motion for default judgment) *Williams v. NRS Billing Servs., LLC*, No. 16-CV-75-A, 2016 U.S. Dist. LEXIS 98101, at *1-2 (W.D.N.Y. July 27, 2016) ("case law does support allowing a plaintiff to take discovery before moving for default judgment, primarily because a 'motion for class certification will be necessary before default judgment can be entered on behalf of the class'"); *Blazek v. Capital Recovery Assocs.*, 222 F.R.D. 360, 360 (E.D. Wis. 2004) (Plaintiff sought "discovery of defendant in order to determine the composition of the class and the amount of damages," which "information is necessary to enable her to obtain a default judgment…Pursuant to Fed. R. Civ. P. 26(d), I authorized plaintiff to engage in discovery of defendant.").

PLAINTIFF'S BRIEF SHOWING CAUSE &
MOTION TO COMMENCE DISCOVERY PRIOR
RULE 26(F) CONFERENCE
Case No. 3:24-cv-6003-TMC

– 1 –

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

15. Plaintiff should be permitted to conduct discovery involved in class certification and in determining damages. Otherwise, Defendant will be rewarded by avoiding class liability for refusing to file a responsive pleading.

## **CONCLUSION**

For the reasons set forth herein, the Plaintiff respectfully requests that the Court enter an Order granting Plaintiff leave under Fed. R. Civ. P. 26(d)(1) to conduct discovery of Defendant related to the requirements for class certification under Fed. R. Civ. P. 23, the telephone solicitations made to Plaintiff, and the telephone solicitations made to each member of the putative class.

RESPECTFULLY SUBMITTED AND DATED this 5th day of April, 2025.

By:  */s/ Samuel J. Strauss,* WSBA #46971
Samuel J. Strauss, WSBA #46971
Email:  sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile:  (608) 509-4423

*Attorneys for Plaintiff*

PLAINTIFF'S BRIEF SHOWING CAUSE &
MOTION TO COMMENCE DISCOVERY PRIOR
RULE 26(F) CONFERENCE
Case No. 3:24-cv-6003-TMC

– 1 –