UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **MARK HOFFMAN**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**REAGAN GOLD GROUP, LLC**<br><br>Defendant. | Case No. 3:24-cv-06003-TMC<br><br>Honorable District Judge Tiffany M. Cartwright<br><br>PLAINTIFF'S STATUS REPORT |

Plaintiff Mark Hoffman submits the following Report and Discovery Plan. The Parties conferred on July 17, 2025, and Plaintiff provided Defendant's counsel with a draft of the report, with highlighted sections for Defendant to complete, on July 30, 2025. However, Defendant has not reviewed or provided edits to this report, despite Plaintiff's repeated contact attempts.

1. **Nature and Complexity of the Case**

   *Plaintiff's Statement*

   In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]restricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). The National Do Not Call Registry ("the

PLAINTIFF'S STATUS REPORT – 1

Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.* The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Plaintiff alleges that Defendant made unsolicited telemarketing text message solicitations to his residential telephone number that is listed on the National Do Not Call Registry. Because telemarketing solicitations typically use technology capable of generating thousands of similar calls and messages per day, Plaintiff sues on behalf of a proposed nationwide class and Washington class.

**2. Proposed Deadline for the Joining Additional Parties**

Plaintiff's proposed deadline for joining additional parties is January 6, 2026.

**3. Consent to Magistrate Judge**

Plaintiff does not consent to a magistrate judge.

**4. Discovery Plan**

The Parties held an FRCP 26(f) Conference by telephone on July 17, 2025 and discussed the following matters.

**A. Initial Disclosures**

Pursuant to this Court's July 8, 2025 Order, Initial Disclosures shall be exchanged by September 29, 2025.

\\

**B. Subjects, Timing, and Potential Phasing of Discovery**

*Plaintiff's Statement*

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of his claims under the TCPA, RCW 19.190.060, and RCW 19.86, in order to adequately prepare for trial, or oppose any summary judgment motion that Defendant may filed. Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive telemarketing complaints received; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

Plaintiff proposes the following discovery schedule:

| | |
|---|---|
| Amending Pleadings | January 20, 2026 |
| Completion of Fact Discovery | June 30, 2026 |
| | Proponent by: July 27, 2026<br><br>Respondent by: August 24, 2026 |

PLAINTIFF'S STATUS REPORT – 3

| Expert Disclosures | Completion of expert depositions by September 14, 2026 |
|---|---|
| | Motion to exclude experts: October 19, 2026 |
| | Oppositions to Motion to Exclude Experts: November 2, 2026 |
| Class Certification | Proponent by: July 27, 2026 |
| | Respondent by: August 24, 2026 |
| | Reply in Support: September 21, 2026 |
| All Discovery Motions | By August 24, 2026 |
| Completion of All Discovery | September 21, 2026 |
| Dispositive Motions | October 19, 2026 |

PLAINTIFF'S STATUS REPORT – 4

### C. ESI

Plaintiff anticipates conducting discovery of electronically stored information. Plaintiff intends to use a version of the Court's Model ESI Agreement tailored to the needs of their case. Plaintiff requests that the Parties disclose their ESI search protocols to one another, including custodians, data sources, file types, date restrictions, and search terms, in advance of document production to attempt to reach agreement on search protocols and continue to cooperate to revise search protocols as necessary throughout the case. If there is a discovery dispute related to ESI, Plaintiff requests that the Parties complete the search protocol disclosure before requesting a discovery conference with the Court.

### D. Privilege Issues

Plaintiff is not aware of any privilege issues at this time. Plaintiff believes a Rule 502(d) order may be helpful in this case and will meet and confer regarding any other privilege issues as they arise in the case. Plaintiff anticipates addressing privilege logging in conjunction with the Parties' execution of an ESI Agreement.

### E. Proposed Limitations on Discovery

Plaintiff intends to follow the provisions of the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington regarding limitations on discovery. Plaintiff does not waive the right to limit or seek leave to exceed these limits if necessary as the case proceeds. Should discovery show the need to limit or exceed any discovery limits, Plaintiff will attempt to reach an agreement on the scope of the discovery before seeking leave of Court to limit or exceed any discovery limits.

\\

\\

\\

PLAINTIFF'S STATUS REPORT – 5

**F. Need for Discovery Related Orders**

Plaintiff believes the Parties intend on seeking a protective order addressing the confidentiality of competitively sensitive information about business strategy, practices, and procedures.

**5. Local Civil Rule 26(f)(1)**

**A. Prompt Case Resolution**

Plaintiff is evaluating whether the case can be resolved promptly, and Plaintiff is open to using a private mediator to help resolve this matter. Plaintiff plans to confer prior to filing dispositive motions, in order to agree on an efficient briefing schedule.

**B. Alternative Dispute Resolution**

Plaintiff is willing to engage in private mediation prior to the filing of dispositive motions.

**C. Related Cases**

Plaintiff know of no related cases.

**D. Discovery Management**

Plaintiff set forth his position on Discovery Scheduling in Section 4.B., as well as his position on bifurcation in Section 7. Moreover, Plaintiff requests that the Parties agree to exchange discovery electronically, when possible, to minimize expense. Plaintiff agrees to accept service of discovery via email service to all counsel of record and any legal staff requested by either party be included on service. Plaintiff agrees that all discovery exchanged will be identified by a document control number (i.e., a Bates number) by the producing party or parties. Finally, Plaintiff believes that discovery can be managed appropriately through compliance with the Federal Rules of Civil Procedure and Local Civil Rules.

\\

PLAINTIFF'S STATUS REPORT – 6

### E. Anticipated Discovery Sought

Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive telemarketing complaints received; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

Plaintiff served discovery requests on Defendant on July 17, 2025, consisting of interrogatories and requests for production. To date, Defendant has not provided responses.

### F. Phasing Motions

Plaintiff believes that the briefing for the motion to dismiss and for class certification should go first. Then, Plaintiff proposes meeting and conferring following the Court's ruling on plaintiff's motion for class certification to propose a schedule for summary judgment, trial, and any remaining discovery.

### G. Preservation of Discoverable Information

Plaintiff is aware of his duty to preserve relevant documents, including ESI, and Plaintiff has taken steps to do so.

### H. Privilege Issues

Plaintiff is not aware of any privilege issues at this time. Plaintiff believes a Rule 502(d) order may be helpful in this case and will meet and confer regarding any other privilege issues as they arise in the case. Plaintiff anticipates addressing privilege logging in conjunction with the Parties' execution of an ESI Agreement.

\\

\\

PLAINTIFF'S STATUS REPORT – 7

### I. Model Protocol for Discovery of ESI

Plaintiff believes that ESI will be involved in this case. Plaintiff intends to use a version of the Court's Model ESI Agreement tailored to the needs of their case. Plaintiff will continue to meet and confer with Defendant regarding whether modifications are appropriate to certain sections, including sections C.3 (format of produced ESI), C.7 (hard copy documents), D.3.h (preservation of certain data sent to cell phones), and E (privilege log content and timing).

### J. Alternative to Model Protocol

To the extent that the Parties are unable to agree on proposed modifications to the Model ESI Agreement, they will present them to the Court.

## 6. Discovery Completion Date

September 21, 2026. Plaintiff proposes that the Parties will complete most of the discovery that they need prior to the deadline by which Plaintiff's motion for class certification is due. Following the Court's ruling on class certification, to the extent that additional discovery is needed, the Parties will meet and confer.

## 7. Bifurcation

Plaintiff believes that bifurcating discovery will lead to unnecessary disputes over if certain information sought in discovery qualifies as class or merits discovery. Indeed, faced with a similar request, another federal court judge denied a bifurcation request in another TCPA case:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

See *Katz v. Allied First Bank, SB,* No. 22-cv-5277, ECF No. 14 (January 3, 2023).

**8. Other Suggestions for Shortening or Simplifying Case**

Plaintiff will confer with Defendant regarding any other ways to further simplify this case.

**9. Date Case Will Be Ready for Trial**

February 22, 2027.

**10. Jury or Non-Jury Trial**

Plaintiff has requested a jury-trial.

**11. Length of Trial**

Plaintiff estimates that the trial will last 7 to 10 days.

**12. Names, Addresses, and Numbers of Trial Counsel**

*Counsel for Plaintiff*

Anthony I. Paronich *(pro hac vice)*
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

Samuel J. Strauss
Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com
cmiller@straussborrelli.com

**13. Dates Trial Counsel is Unavailable**

None at this time.

**14. Service**

Defendant was served on December 10, 2024. The clerk entered default on January 31, 2025. Defendant filed a motion to set aside default on April 25, 2025. The Court granted Defendant's motion to set aside default on June 20, 2025.

**15. Request for Scheduling Conference before a Scheduling Order**

Given Defendant's failure to review and revise this status report, Plaintiff believes a scheduling conference is warranted at this point.

**16. Date(s) Disclosure Statements Were Filed**

Defendant has not filed its corporate disclosure statement.

Date:  October 6, 2025

Respectfully submitted,

*/s/ Samuel J. Strauss*
Samuel J. Strauss
Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com
cmiller@straussborrelli.com

Anthony I. Paronich *(pro hac vice)*
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

PLAINTIFF'S STATUS REPORT – 10

## CERTIFICATE OF SERVICE

I, Samuel J. Strauss, hereby certify that on October 6, 2025, I caused the foregoing to be electronically filed using the Court's CM/ECF system, which will send an electronic copy to all parties and/or their counsel of record.

DATED this 6th day of October, 2025.

                                              Respectfully submitted,

                                              */s/ Samuel J. Strauss*
                                              Samuel J. Strauss
                                              **STRAUSS BORRELLI PLLC** 980 N Michigan Ave Ste 1610 Chicago, IL 60611
                                              Telephone: (872) 263-1100
                                              sam@straussborrelli.com