**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REAGAN GOLD GROUP, LLC<br><br>Defendant. | No. 3:24-cv-06003-TMC<br><br>Honorable District Judge<br>Tiffany M. Cartwright<br><br>JOINT STIPULATED MOTION TO AMEND CLASS CERTIFICATION SCHEDULING ORDER<br><br><u>Noting Date:</u><br>Tuesday, July 7, 2026 |

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rules 7(d)(1) and 10(g), Plaintiff Mark Hoffman ("Plaintiff") and Defendant Reagan Gold Group, LLC ("Defendant") (collectively, the "Parties"), by and through their undersigned counsel, respectfully submit this Joint Stipulated Motion to amend the Court's October 19, 2025 Scheduling Order (Dkt. 27) by extending the remaining class certification and related discovery deadlines by sixty (60) days. As set forth below, good cause exists for the requested modification.

## I.     INTRODUCTION

This is a putative class action alleging violations of the Telephone Consumer Protection

JOINT STIPULATED MOTION TO AMEND
CLASS CERTIFICATION SCHEDULING ORDER
Page 1

Act ("TCPA"), 47 U.S.C. § 227, the Washington Commercial Electronic Mail Act ("CEMA"), and the Washington Consumer Protection Act ("CPA"), arising from Defendant's alleged telemarketing calls and text messages to telephone numbers listed on the National Do Not Call Registry.

Plaintiff filed this action on December 5, 2024 (Dkt. 1), and Defendant filed its Answer on July 3, 2025 (Dkt. 22). Following the Parties' Rule 26(f) conference and submission of a Status Report proposing a phased schedule focused initially on class certification (Dkts. 23, 26), the Court entered its October 19, 2025 Order Setting Class Certification Briefing Schedule. That Order established deadlines for class-certification-related fact discovery, expert disclosures, expert depositions, and briefing on Plaintiff's anticipated motion for class certification, while expressly providing that the Court would establish all remaining Rule 16 scheduling deadlines following its ruling on class certification (Dkt. 27). Under the current Scheduling Order, the remaining deadlines are:

- **July 27, 2026:** Plaintiff's expert disclosures and motion for class certification;

- **August 24, 2026:** Defendant's expert disclosures and response to the motion for class certification;

- **September 14, 2026:** Completion of expert depositions;

- **September 21, 2026:** Plaintiff's reply in support of class certification and noting date for the motion; and

- **October 19, 2026:** Motions challenging expert testimony, with briefing pursuant to the Local Civil Rules.

As discussed below, despite the Parties' diligent efforts, limited discovery directly relevant to class certification remains outstanding, warranting a modest extension of the remaining class-

JOINT STIPULATED MOTION TO AMEND
CLASS CERTIFICATION SCHEDULING ORDER
Page 2

certification schedule.

Accordingly, the Parties jointly request a sixty-day extension of the remaining class-certification-related deadlines. The requested extension will allow the Parties to complete the outstanding discovery, avoid unnecessary discovery motion practice, and present the Court with a complete factual record on Plaintiff's anticipated motion for class certification. Because the Court expressly reserved all remaining Rule 16 scheduling deadlines pending resolution of class certification, the requested extension will not affect any dispositive motion, pretrial, or trial deadlines or otherwise prejudice either party.

## II.      PROCEDURAL HISTORY AND DISCOVERY PROGRESS

Since entry of the Court's October 19, 2025 Scheduling Order, the Parties have diligently conducted discovery, including exchanging written discovery, producing documents, conducting depositions, pursuing third-party discovery, and engaging in extensive meet-and-confer efforts to resolve discovery issues without Court intervention. Despite those efforts, limited discovery directly relevant to class certification remains outstanding.

Discovery concerning Defendant's outbound calling records and related lead information, including records associated with Data Alliance Group leads, is essential to Plaintiff's class certification analysis. Those materials bear directly on issues of class identification, numerosity, commonality, and the scope of the proposed class. Following the deposition of Defendant's corporate representative, Plaintiff narrowed certain discovery requests to facilitate production and minimize unnecessary motion practice.

Plaintiff also diligently pursued third-party discovery. After testimony identified RingCentral and Data Alliance Group as sources of responsive information, Plaintiff promptly served subpoenas, responded to requests necessary to facilitate production, and continued working

JOINT STIPULATED MOTION TO AMEND
CLASS CERTIFICATION SCHEDULING ORDER
Page 3

with Defendant regarding the production of related records. Although the Parties have cooperated throughout discovery, production of certain responsive call logs, lead information, and related third-party records remains ongoing and is dependent, in part, on third-party response and production timelines outside the Parties' control.

The Parties' discovery efforts also coincided with a transition in Defendant's representation. In May 2026, Defendant temporarily retained additional counsel to assist with discovery. Approximately one month later, those attorneys withdrew, requiring responsibility for ongoing discovery to transition back to Defendant's original counsel while document production remained underway. Although the transition temporarily delayed completion of certain discovery, the Parties continued working cooperatively throughout the process.

Accordingly, although the Parties have diligently pursued discovery, certain material discovery necessary to complete class-certification briefing remains outstanding. A limited extension will permit completion of that discovery, minimize unnecessary discovery motion practice, and allow the Parties to present the Court with a more complete factual record on the Rule 23 issues presented by Plaintiff's anticipated motion for class certification.

### III.    GOOD CAUSE EXISTS TO EXTEND THE CURRENT CLASS CERTIFICATION SCHEDULE

Good cause exists under Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 10(g) to extend the current class-certification schedule by sixty (60) days. As reflected in Plaintiff's October 6, 2025 Joint Status Report and the Court's subsequent Order Setting Class Certification Briefing Schedule, this case has proceeded under a phased scheduling approach. The Court established deadlines governing class-certification-related fact discovery, expert disclosures, expert depositions, and briefing on Plaintiff's anticipated motion for class certification, while expressly providing that it "will set further schedule deadlines pursuant to Federal Rule of Civil

JOINT STIPULATED MOTION TO AMEND
CLASS CERTIFICATION SCHEDULING ORDER
Page 4

Procedure 16(b) after ruling on the motion for class certification." Accordingly, the Court intentionally limited the current Scheduling Order to class-certification proceedings and reserved all remaining Rule 16 deadlines—including merits discovery, dispositive motions, pretrial deadlines, and trial—for a subsequent scheduling order following resolution of class certification.

As discussed above, the Parties have diligently pursued class-certification discovery. Despite those efforts, limited but material discovery remains outstanding, including Defendant's outbound calling records, related lead information, and certain third-party records necessary to complete Plaintiff's class-certification analysis. The Parties have worked cooperatively to complete that discovery without Court intervention, and the remaining production is dependent, in part, on third-party response and production timelines outside the Parties' control.

The requested extension is consistent with the Court's phased scheduling approach. It will permit completion of the remaining class-certification discovery before the Court establishes the next phase of the litigation, resulting in a more complete factual record for Plaintiff's anticipated motion for class certification while minimizing unnecessary discovery motion practice. Because the Court expressly reserved all remaining Rule 16 deadlines pending resolution of class certification, the requested extension will not affect any dispositive motion, pretrial, or trial deadlines and will not prejudice either party.

The Parties do not believe the Court's October 19, 2025 Scheduling Order required completion of all class-certification-related discovery by the June 30, 2026 fact discovery deadline. Rather, in light of the Court's phased scheduling approach and its express reservation of all remaining Rule 16 deadlines pending resolution of class certification, the Parties reasonably understood that discovery directly related to class certification, including discovery necessary to support expert disclosures and class-certification briefing, could continue through the existing

JOINT STIPULATED MOTION TO AMEND
CLASS CERTIFICATION SCHEDULING ORDER
Page 5

class-certification schedule. To the extent the Court concludes otherwise, however, the Parties respectfully request relief under Federal Rule of Civil Procedure 6(b)(1)(B). Any failure to seek modification earlier resulted from the Parties' good-faith interpretation of the Court's Scheduling Orders and their continued diligent efforts to complete the remaining discovery cooperatively. Under these circumstances, the requested extension is supported by good cause and, to the extent necessary, excusable neglect.

The requested sixty-day extension is narrowly tailored, jointly requested, made in good faith, and not sought for purposes of delay. Rather, it will permit completion of the remaining class-certification discovery without affecting any subsequent Rule 16 deadlines, which the Court has expressly reserved for determination following its ruling on Plaintiff's motion for class certification.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

JOINT STIPULATED MOTION TO AMEND
CLASS CERTIFICATION SCHEDULING ORDER
Page 6

## IV.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant this Joint Stipulated Motion and enter the accompanying Proposed Order amending the October 19, 2025 Order Setting Class Certification Briefing Schedule. The requested modifications are limited to the class-certification schedule and will not affect any subsequent Rule 16 deadlines, all of which the Court expressly reserved for a later scheduling order following resolution of Plaintiff's motion for class certification. Accordingly, the Parties respectfully request that the Court adopt the following revised schedule:

| TASK | CURRENT DEADLINE | PROPOSED DEADLINE |
| --- | --- | --- |
| Plaintiff's Expert Disclosures and Motion for Class Certification: | **July 27, 2026** | **September 25, 2026** |
| Defendant's Expert Disclosures and Response to Motion for Class Certification: | **August 24, 2026** | **October 23, 2026** |
| Completion of Class-Certification Expert Depositions: | **September 14, 2026** | **November 13, 2026** |
| Plaintiff's Reply in Support of Motion for Class Certification and Noting Date: | **September 21, 2026** | **November 20, 2026** |
| Motions Challenging Expert Testimony Related to Class Certification: | **October 19, 2026** | **December 18, 2026** (briefing pursuant to the Local Civil Rules) |
| Remaining Rule 16 Scheduling Deadlines: | **As Previously Ordered** | **To be established by further Order of the Court following resolution of Plaintiff's motion for class certification** |

*[Counsel signatures to follow on next page.]*

JOINT STIPULATED MOTION TO AMEND
CLASS CERTIFICATION SCHEDULING ORDER
Page 7

RESPECTFULLY SUBMITTED this 7th day of July, 2026.

/s/ Samuel J. Strauss
Samuel J. Strauss, WSBA No. #46971
Cassandra P. Miller (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com
cmiller@straussborrelli.com

Anthony I. Paronich (*pro hac vice*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff and the Putative Class*

/s/ David M. Rose
David Mark Rose, WSBA No. #32849
**PACIFIC NORTHWEST FAMILY LAW**
216 South Palouse Street
Walla Walla, WA 99362
Telephone: (509) 572-3700
Fax: (509) 572-3701
dmr@pnwfamilylaw.com

*Counsel for Defendant*
*Reagan Gold Group LLC*

JOINT STIPULATED MOTION TO AMEND
CLASS CERTIFICATION SCHEDULING ORDER
Page 8

## CERTIFICATE OF SERVICE

I, Samuel J. Strauss, hereby certify that on July 7, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 7th day of July, 2026.

Respectfully submitted,

*/s/ Samuel J. Strauss*
Samuel J. Strauss
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone:  (872) 263-1100
Facsimile:  (872) 263-1109
sam@straussborrelli.com

JOINT STIPULATED MOTION TO AMEND
CLASS CERTIFICATION SCHEDULING ORDER
Page 9