**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>   vs.<br><br>REAGAN GOLD GROUP, LLC<br><br>         Defendant. | No. 3:24-cv-06003-TMC<br><br>Honorable District Judge<br>Tiffany M. Cartwright<br><br>PLAINTIFF'S STATEMENT<br>ON DISCOVERY DISPUTE |

Pursuant to Section V of Judge Cartwright's Chambers Procedures for Civil Cases, Plaintiff Mark Hoffman submits this statement concerning Defendant Reagan Gold Group, LLC's complete failure to respond to Plaintiff's Second Set of Discovery. Although Plaintiff provided Defendant with a draft of this Statement and gave Defendant an opportunity to include its position, Defendant did not respond or otherwise participate in its preparation.

**1.  Nature of the Dispute and Relevant Set of Discovery**

Plaintiff alleges that Defendant sent unsolicited telemarketing text messages to his number listed on the National Do Not Call Registry and brings this action on behalf of a proposed class.

On June 9, 2026, Plaintiff served Defendant with Plaintiff's Second Set of Discovery. Defendant's responses were due on July 9, 2026. Defendant has not serve any written responses, objections, verified interrogatory answers, or responsive documents. The Second Set of Discovery seeks information concerning Data Alliance Group ("DAG"), the lead generator that supplied Plaintiff's purported lead to Defendant, including information relevant to Plaintiff's alleged consent, Defendant's acquisition and use of DAG leads, and the proposed class. The requested DAG lead list is not a new issue. Before Plaintiff served the Second Set of Discovery, Defendant's prior counsel represented that the DAG lead list would be produced, but that information also remains outstanding.

**2.  Plaintiff's Efforts to Resolve the Dispute**

Plaintiff has repeatedly attempted to obtain Defendant's overdue responses without Court intervention. On June 9, 2026, Plaintiff served the Second Set of Discovery by email and asked Defendant's counsel when the previously promised DAG lead list would be produced. On July 10, 2026, the day after the responses became due, Plaintiff notified Defendant's counsel that the

PLAINTIFF'S STATEMENT
ON DISCOVERY DISPUTE
Page 1

discovery responses were overdue and requested an update. Plaintiff also made multiple telephone calls to Defendant's counsel, David Rose, after the responses became due. Those calls were not answered, and Plaintiff did not receive a return call addressing the overdue discovery.

On July 21, 2026, Mr. Rose advised Plaintiff that Thomas Godwin would be substituting as counsel for Defendant and directed Plaintiff to communicate with Mr. Godwin. Plaintiff immediately forwarded Mr. Godwin the existing correspondence regarding Defendant's overdue discovery responses and the overdue DAG lead list. On July 25, 2026, Plaintiff again requested a response from Defendant's former and incoming counsel. Defendant still did not provide discovery responses, produce the DAG lead list, propose a date for compliance, or identify any objection to the discovery.

On July 31, 2026, Plaintiff sent Defendant a draft of this statement, requested Defendant's position for inclusion, and requested a conference under LCR 37(a)(1). Plaintiff proposed August 6, August 7, and August 10, 2026 for a telephone or videoconference and asked Defendant to select a time or propose an alternative by August 4. Defendant did not respond, provide its position, or propose a time to confer. On August 9, 2026, Plaintiff followed up and advised that, absent a response and conference by August 10, Plaintiff would submit the discovery dispute to the Court. Defendant again did not respond or participate in a conference.

### 3. Plaintiff's Position

Rules 33 and 34 required Defendant to serve timely written responses to Plaintiff's discovery. Defendant did not do so and has not requested an extension, asserted any objections, or offered any explanation for its complete noncompliance. Under Rule 33(b)(2), Defendant was required to serve its answers and objections within thirty days, and Rule 33(b)(4) provides that any

PLAINTIFF'S STATEMENT
ON DISCOVERY DISPUTE
Page 2

ground not timely stated is waived unless the Court excuses the failure for good cause.  Defendant therefore has waived its objections to Plaintiff's interrogatories absent a showing of good cause. Rule 34(b)(2) likewise required Defendant to respond in writing to each request for production within thirty days. Defendant has provided neither written responses nor responsive documents.

The discovery was served, and Defendant's responses became due, while Defendant was represented by counsel. Plaintiff thereafter repeatedly brought the delinquency to the attention of Defendant's former and incoming counsel. At no point did Defendant seek an extension or explain why it could not comply.

Defendant's failure is also prejudicial. The DAG discovery concerns the lead source that Defendant apparently contends supplied Plaintiff's information and alleged consent. The requested lead data is necessary for Plaintiff to investigate Defendant's consent defense, determine the scope of Defendant's use of DAG leads, prepare for depositions, and evaluate the proposed class. Continued delay compresses the time available for Plaintiff to complete those tasks within the Court's schedule.

**4.  Defendant's Position**

Defendant did not provide a position for inclusion in this statement despite Plaintiff's requests.

WHEREFORE, Plaintiff requests that the Court direct Defendant to serve complete written responses and produce responsive documents, including the DAG lead data, within seven (7) days of the Court's ruling on these issues.

PLAINTIFF'S STATEMENT
ON DISCOVERY DISPUTE
Page 3

## <u>CERTIFICATION OF COMPLIANCE WITH LCR 37(a)(1)</u>

Pursuant to LCR 37(a)(1), Plaintiff certifies that he made good-faith efforts to confer regarding this dispute. Plaintiff attempted to confer by telephone on July 21, 2026, and requested a telephone or videoconference on July 31 and August 9, 2026. Defendant did not respond or participate.

RESPECTFULLY SUBMITTED this 11th day of August, 2026.

<u>/s/ Samuel J. Strauss</u>
Samuel J. Strauss, WSBA No. #46971
Cassandra P. Miller (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com
cmiller@straussborrelli.com

Anthony I. Paronich (*pro hac vice*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff and the Putative Class*

PLAINTIFF'S STATEMENT
ON DISCOVERY DISPUTE
Page 4

## <u>CERTIFICATE OF SERVICE</u>

I, Samuel J. Strauss, hereby certify that on August 11, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 11th day of August, 2026.

Respectfully submitted,

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA No. #46971
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com

PLAINTIFF'S STATEMENT
ON DISCOVERY DISPUTE
Page 5