**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

MARK HOFFMAN, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

REAGAN GOLD GROUP, LLC

Defendant.

No. 3:24-cv-06003-TMC

Honorable District Judge Tiffany M. Cartwright

PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CLASS CERTIFICATION AND EXTENSION OF CLASS-CERTIFICATION-RELATED DISCOVERY DEADLINES

Noting Date:
Tuesday, September 8, 2026

HERE COMES NOW Plaintiff, Mark Hoffman, by and through his undersigned counsel, and respectfully moves this Court to amend its July 8, 2026 Order setting the class-certification schedule (Dkt. 37) by extending the existing class-certification-related discovery and briefing deadlines by approximately ninety days.[1]

[1] The proposed deadlines are approximately ninety days after the existing deadlines, with minor adjustments to avoid deadlines falling during the Thanksgiving, Christmas, and New Year's holiday periods.

Good cause exists under Federal Rule of Civil Procedure 16(b)(4) because material discovery necessary for class certification remains outstanding, Defendant is in the process of transitioning to new counsel, and a discovery dispute concerning Defendant's overdue discovery responses is presently before the Court. Plaintiff filed his Statement on Discovery Dispute on August 11, 2026 (Dkt. 38), and the Court has set a discovery hearing for September 4, 2026 at 9:30 a.m.

The chronology makes compliance with the existing schedule impracticable regardless of the outcome of the September 4 hearing. Defendant's responses were due July 9, 2026, yet no written responses, objections, verified interrogatory answers, or responsive documents had been served when Plaintiff presented the dispute to the Court. Plaintiff repeatedly sought compliance without judicial intervention, including follow-up communications after the discovery became overdue, communications with Defendant's incoming counsel, and a request to confer under LCR 37. Defendant did not provide a substantive discovery response, propose a compliance date, or participate in the requested conference before Plaintiff submitted the dispute to the Court.

Plaintiff served his Second Set of Discovery on June 9, 2026, and Defendant's responses were due July 9, 2026. Defendant has not yet served responses to that discovery, which seeks information necessary to evaluate the proposed class, prepare for depositions, and complete expert analysis for class certification, including information concerning Data Alliance Group ("DAG") and the leads it supplied to Defendant. Plaintiff has diligently pursued the outstanding discovery, but the continued delay has prevented Plaintiff from completing discovery necessary for class certification within the existing schedule. The outstanding discovery is particularly significant because DAG is the lead generator that Defendant apparently contends supplied Plaintiff's information and alleged consent. The requested discovery seeks information concerning Plaintiff's

purported lead, Defendant's acquisition and use of DAG leads more generally, and the scope of consumers who may have been contacted using leads obtained through DAG. The DAG lead list is also not a newly requested item. Defendant's prior counsel had represented before service of the Second Set of Discovery that the list would be produced, and Plaintiff expressly referenced that outstanding commitment when serving the June 9, 2026 discovery.

The delay has also coincided with multiple changes in Defendant's representation. When Plaintiff served the Second Set of Discovery on June 9, 2026, Defendant was represented by David Rose. Plaintiff specifically advised Mr. Rose at that time that Defendant's former counsel had previously promised production of the DAG lead list and requested that Defendant identify when that production would be forthcoming. After the discovery responses became overdue on July 9, 2026, Plaintiff repeatedly followed up with Mr. Rose concerning both the overdue responses and the DAG lead list. On July 21, 2026, Mr. Rose advised Plaintiff that Thomas Godwin would be substituting as counsel for Defendant and further advised that Troutman Amin had departed the case. Plaintiff immediately forwarded Mr. Godwin the existing correspondence concerning Defendant's outstanding discovery obligations and thereafter continued to seek a response from both outgoing and incoming counsel. Defendant nevertheless did not serve responses, produce the DAG lead list, request an extension of its discovery deadline, or provide a date certain for compliance. The transition in Defendant's representation has therefore occurred while material class-certification discovery remains outstanding and has further delayed the parties' ability to resolve the discovery issues and complete class-certification discovery under the existing schedule. Plaintiff does not attribute the discovery delay solely to incoming counsel; rather, the discovery was served while Defendant was represented, became overdue while Defendant was represented, and remained outstanding throughout the transition between counsel.

Plaintiff has diligently pursued discovery, but additional time is necessary to obtain and review information material to class certification, complete any necessary follow-up and third-party discovery, conduct depositions, and complete expert analysis. The requested extension is narrowly tailored to permit completion of that discovery and preparation of the class-certification briefing.

The Court previously granted the parties' stipulated request for a sixty-day extension and entered an amended class-certification schedule on July 8, 2026 (Dkt. 37). Since that Order was entered, however, Defendant's discovery responses have remained outstanding, Plaintiff has been required to present the resulting discovery dispute to the Court, and Defendant has undertaken a transition in counsel. These developments were not resolved within the extended schedule and warrant additional modification of the deadlines. Because the extension will permit development of a complete class-certification record without unfair prejudice to either party, good cause exists to amend the schedule.

Indeed, the current August 31, 2026 fact-discovery deadline will expire before the Court's September 4, 2026 hearing concerning Defendant's outstanding discovery. An extension is therefore necessary to provide Plaintiff a meaningful opportunity to obtain and use the discovery at issue before class-certification briefing.

\\

\\

\\

\\

\\

\\

Plaintiff respectfully requests that the Court extend the existing class-certification briefing and related discovery deadlines as follows:

| Task | Current Deadline | Proposed Deadline |
|---|---|---|
| **Completion of Fact Discovery** | August 31, 2026 | December 4, 2026 |
| **Plaintiff's Expert Disclosures and Motion for Class Certification** | September 25, 2026 | January 15, 2027 |
| **Defendant's Expert Disclosures and Response to Motion for Class Certification** | October 23, 2026 | February 12, 2027 |
| **Completion of Class-Certification Expert Depositions** | November 13, 2026 | March 5, 2027 |
| **Plaintiff's Reply in Support of Motion for Class Certification and Noting Date** | November 20, 2026 | March 12, 2027 |
| **Motions Challenging Expert Testimony Related to Class Certification** | December 18, 2026 | April 9, 2027 |
| **Remaining Rule 16 Scheduling Deadlines** | | To be established by further Order following resolution of Plaintiff's Motion for Class Certification. |

For these reasons, Plaintiff respectfully requests that the Court extend the class-certification-related discovery and briefing deadlines as set forth above and enter the accompanying proposed order amending the Court's July 8, 2026 Order (Dkt. 37).

*[Counsel signatures to follow on next page.]*

RESPECTFULLY SUBMITTED this 24th day of August, 2026.


/s/ Samuel J. Strauss
Samuel J. Strauss, WSBA No. #46971
Cassandra P. Miller (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com
cmiller@straussborrelli.com

Anthony I. Paronich (*pro hac vice*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I, Samuel J. Strauss, hereby certify that on August 24, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 24th day of August, 2026.

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA #46971
**STRAUSS BORRELLI PLLC**
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com