**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REAGAN GOLD GROUP, LLC<br><br>Defendant. | No. 3:24-cv-06003-TMC<br><br>Hon. District Judge Tiffany M. Cartwright<br><br>PLAINTIFF'S MOTION FOR RULE 16 STATUS CONFERENCE REGARDING DEFENDANT'S FAILURE TO COMPLY WITH DISCOVERY ORDER<br><br>Noting Date:<br>Tuesday, November 3, 2026<br><br>*(No Oral Argument Requested)* |

HERE COMES NOW Plaintiff, Mark Hoffman ("Plaintiff"), by and through undersigned counsel, hereby moves pursuant to Federal Rule of Civil Procedure 16 for a status conference regarding Defendant Reagan Gold Group LLC's ("Defendant") compliance with this Court's September 10, 2026 Order Compelling Discovery Responses (ECF No. 44). Plaintiff further requests that the Court require both Defendant's counsel and a representative of Defendant with knowledge of and authority over its discovery obligations to personally participate in the conference. In support of this Motion, Plaintiff states as follows:

## I. RELEVANT PROCEDURAL HISTORY

1. Plaintiff commenced this putative class action on December 5, 2024, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Washington law arising from unsolicited telemarketing calls and text messages. ECF No. 1.

2. On October 19, 2025, the Court entered an Order Setting Class Certification Briefing Schedule, establishing deadlines for class-certification-related discovery and briefing. ECF No. 27. The Court subsequently amended that schedule on July 8, 2026, pursuant to the Parties' joint stipulated motion. ECF No. 37.

3. Throughout discovery, Plaintiff has sought information necessary to identify potential class members and evaluate Defendant's alleged telemarketing practices, including calling records and lead data maintained by or on behalf of Defendant. Despite Plaintiff's repeated efforts to obtain this information, Defendant failed to provide certain requested discovery, including the Data Alliance Group ("DAG") lead data.

4. On June 9, 2026, Plaintiff served his Second Set of Discovery Requests seeking the outstanding information. Defendant's responses were due July 9, 2026. Defendant failed to serve written responses, objections, interrogatory answers, or responsive documents. ECF No. 44.

5. On August 11, 2026, Plaintiff submitted a discovery dispute statement to the Court concerning Defendant's outstanding discovery obligations. ECF No. 38. On September 10, 2026, the Court held a discovery hearing concerning the dispute. ECF No. 43.

6. On September 1, 2026, Defendant's counsel, David M. Rose, advised Plaintiff's counsel that Defendant had terminated his representation and that he had been informed that Thomas Godwin would be substituting as counsel for Defendant. Mr. Rose explained that he had ceased substantive communications because he did not believe he possessed authority to respond

on Defendant's behalf. Significantly, Mr. Rose acknowledged that Plaintiff's position concerning the outstanding discovery was reasonable and that an order directing Defendant to provide the outstanding responses was appropriate. Nevertheless, Mr. Rose represented that he lacked authority to stipulate to such relief and did not know when substitute counsel would appear.

7. Following the hearing, the Court entered its Order Compelling Discovery Responses, directing Defendant, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), to serve complete written responses and produce documents responsive to Plaintiff's Second Set of Discovery Requests, including the DAG lead data, no later than September 17, 2026. ECF No. 44.

8. Separately, on September 9, 2026, the Court granted Plaintiff's motion to extend the class-certification-related discovery and briefing deadlines, extending the fact discovery deadline to December 4, 2026, and Plaintiff's deadline to move for class certification to February 12, 2027. ECF No. 42.

## II. DEFENDANT'S NONCOMPLIANCE WITH THE COURT'S ORDER

9. Despite the Court's September 10, 2026 Order and the September 17, 2026 compliance deadline, Defendant has failed to provide the discovery compelled by the Court, including the DAG lead data. Plaintiff has not received the complete written responses and responsive document production required by ECF No. 44. Defendant's failure to comply is particularly concerning given its prior counsel's acknowledgment that the outstanding discovery was properly subject to an order compelling production. To date, Defendant has neither completed the required production nor provided Plaintiff with a definite timetable for compliance.

10. Defendant's continued failure to comply with the Court's discovery order has impeded Plaintiff's ability to complete class-certification discovery, including identifying potential class members and obtaining information necessary to prepare the motion for class certification.

With the December 4, 2026 fact discovery deadline approaching, further delay threatens Plaintiff's ability to complete discovery within the existing schedule.

**III. REQUEST FOR RULE 16 STATUS CONFERENCE**

11. Federal Rule of Civil Procedure 16 authorizes the Court to conduct pretrial conferences to facilitate the just, speedy, and inexpensive disposition of the action, establish control over the proceedings, and address matters necessary for effective case management. Fed. R. Civ. P. 16(a), (c).

12. Given Defendant's failure to comply with the Court's September 10, 2026 Order, Plaintiff respectfully requests that the Court schedule a Rule 16 status conference to address Defendant's outstanding discovery obligations, determine the status of the compelled production, and establish a concrete plan for compliance.

13. Plaintiff further requests that the Court require both Defendant's counsel and a representative of Reagan Gold Group LLC with personal knowledge of Defendant's discovery efforts and authority to facilitate and ensure compliance with the Court's Order to appear at the conference. The participation of a knowledgeable and authorized representative is necessary to meaningfully address the reasons for the outstanding production, identify any obstacles to compliance, and establish a definite timetable for completing discovery.

14. Plaintiff submits that a status conference with Defendant's representative present will facilitate resolution of the outstanding discovery issues, avoid further unnecessary motion practice, and permit the Parties to proceed with class-certification discovery in accordance with the Court's scheduling order.

15. Plaintiff seeks a status conference at this time rather than sanctions, but expressly reserves the right to seek appropriate relief under Federal Rule of Civil Procedure 37(b), including sanctions, should Defendant's noncompliance continue.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1) Schedule a Rule 16 status conference at the Court's earliest convenience regarding Defendant's compliance with the September 10, 2026 Order Compelling Discovery Responses (ECF No. 44);
2) Require Defendant's counsel and a representative of Reagan Gold Group LLC with personal knowledge of, and authority to address, Defendant's discovery obligations to appear at the conference; and
3) Grant such other and further relief as the Court deems just and appropriate

RESPECTFULLY SUBMITTED this 13th day of October, 2026.

*<u>/s/ Samuel J. Strauss</u>*
Samuel J. Strauss, WSBA No. #46971
Cassandra P. Miller (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com
cmiller@straussborrelli.com

Anthony I. Paronich (*pro hac vice*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I, Samuel J. Strauss, hereby certify that on October 13, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 13th day of October, 2026.

*/s/ Samuel J. Strauss*

Samuel J. Strauss, WSBA #46971
**STRAUSS BORRELLI PLLC**
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com